**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SYDNEY EARL TAYLOR** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-204S** |
| | : | |
| **R.I. DEPARTMENT OF** | : | |
| **CORRECTIONS** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying memorandum, respectfully moves to dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.*

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**Certificate of Service**

I hereby certify that on the 24th day of May, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Sydney Earl Scott Taylor, at his last known address of P.O. Box 8273, Cranston, RI 02920.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SYDNEY EARL TAYLOR<br>Petitioner<br><br>v.<br><br>R.I. DEPARTMENT OF CORRECTIONS<br>Respondent | : | C.A. 2006-204S |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

I. Background

On February 20, 1987, Sydney Earl Taylor was convicted by a Rhode Island Superior Court Jury (Darigan, J., presiding) of having burglarized the home of Sylvia Brown, of having kidnapped seven-year old Melissa Bentil, of having sexually assaulted (in both the first and second degree) Ms. Bentil, and of having obstructed a police officer. He was sentenced to a cumulative term of sixty-years imprisonment. These convictions and sentence were directly appealed to the Rhode Island Supreme Court which, in an opinion reported as State v. Taylor, at 562 A.2d 445 (R.I. 1989), affirmed the relevant Superior Court judgments. Among the issues raised by Defendant in his direct appeal, was his contention that, pursuant to Faretta v. California, 422 U.S. 806 (1975),[1] "the trial

[1] In Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 2527 (1975), the United States Supreme Court held that a defendant has a Sixth Amendment constitutional right to represent himself or herself in a criminal trial. This right is made applicable to the states through the Fourteenth Amendment to the United States Constitution and forbids a state court from forcing appointed counsel upon a defendant against his or her will. Faretta, 422 U.S. at 807, 95 S.Ct. at 2527.

justice erred in his refusal to allow Mr. Taylor his constitutional right to represent himself" (March 27, 1989 *Brief-in-Chief* of the Defendant in Rhode Island Supreme Court Case Number No. 88-180, at pp. 41-47). In addressing this Faretta issue, the Rhode Island Supreme Court appeared to analyze the question as if it were intertwined with the predominant issue raised on appeal (*viz.*, the constitutionality of Rhode Island's "Alternative methods of [child] victim testimony" statute (R.I.G.L. § 11-37-13.2)), thus framing Defendant's Faretta issue as "whether § 11-37-13.2 violates defendant's right of self-representation as guaranteed by the Sixth Amendment of the United States Constitution" (State v. Taylor, 562 A.2d at 454), and concluding that "§ 11-37-13.2 does not violate a defendant's right of self-representation, as he or she is able to undertake selfrepresentation, albeit in a slightly modified form" (*id.*). Subsequent to the Rhode Island Supreme Court's denial of Petitioner's direct appeal of conviction, Petitioner, in March of 1995, instigated a post-conviction relief action in the Rhode Island Superior Court, which action concluded on April 30, 2003, when the Rhode Island Supreme Court, in Taylor v. State, 821 A.2d 685 (R.I. 2003), affirmed the Superior Court's dismissal of Petitioner's post-conviction relief application. In January of 2004, Petitioner again filed a post-conviction relief action in the Rhode Island Superior Court, but voluntarily withdrew such action in May of 2005. Petitioner's instant *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, attacks one of the issues raised by Petitioner in his direct appeal to the Rhode Island Supreme Court. (*Id.* at 6 ("Petitioner requested that he be allowed to represent himself under his Sixth Amendment right and the [trial] justice (Darigan) refused. Petitioner contends that he was made to go forward

with counsel he did not want.").) For the reasons that follow, the State would respectfully ask that this claim be dismissed as both time-barred and lacking in substantive merit.

II. Discussion

A. Time-barred

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations for petitions filed under 28 U.S.C. §2254, which in this case runs from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Congress has allowed the one-year limitations period to be tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). *See, e.g.*, Neverson v. Bissonnette, 261 F.3d 120, 124 (1st Cir. 2001).

In analyzing a statute-of-limitations claim, this Court must determine three things: (1) on what date the statute of limitations began to run with respect to petitioner's habeas petition; (2) on what date the limitations period expired; and (3) whether any tolling of that limitations period occurred along the way.

**1. *Date Period Began To Run***

In this case, Petitioner's judgment of conviction became final under Rhode Island law when, shortly after affirming petitioner's conviction (State v. Taylor, at 562 A.2d 445 (R.I. 1989)), the Rhode Island Supreme Court remanded the case to the Rhode Island Superior Court on August 1, 1989. The judgment of conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) some ninety days later, on or about November 1, 1989, when Petitioner's time for seeking a writ of certiorari from the United States

Supreme Court, *see* U.S. Supreme Ct. R. 13, expired. *See* David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003); *see also, e.g.,* Lock v. Saffle, 237 F.3d 1269, 1271-73 (10th Cir. 2001); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001).

### 2. *Date Period Expired*

Because Petitioner's conviction became final prior to the enactment of the AEDPA, the one-year limitations' period became final on April 24, 1997, one year after the date of the AEDPA's enactment. *See* Neverson v. Farquharson, 366 F.3d 32, 37 (1st Cir. 2004).

### 3. *Tolling under 28 U.S.C. § 2244(d)(2)*

Pursuant to 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"), the State will presume that the limitations' period applicable to Petitioner was tolled until April 30, 2003, the date on which the Rhode Island Supreme Court, in Taylor v. State, 821 A.2d 685 (R.I. 2003), denied and dismissed Petitioner's appeal of the Superior Court's denial of Taylor's post-conviction relief application. (It appears that Petitioner had first filed his post-conviction relief application as early as March of 1995, and filed an amended Petition in 1999 (*see* Taylor v. Wall, 821 A.2d 685, 687 (R.I. 2003)("*In 1999*, Taylor filed an application for post-conviction relief.")(emphasis added)). Petitioner, then, had one-year from April 30, 2003, in which to file any 28 U.S.C. § 2254 action. A little more than eight months of that one-year period expired on January 7, 2004, when Petitioner filed another post-conviction relief action in the Rhode Island Superior Court. While the filing of this most recent post-

conviction-relief application may have again tolled the running of the one-year limitations period (28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection")), the State would suggest that the tolling period again stopped on May 13, 2005, when Petitioner, then represented by counsel, withdrew this 2004 post-conviction relief application, and no further action on that application was taken (*please see* the materials appended to this *Memorandum*). The State, that is, would suggest that when, on May 13, 2005, Petitioner "withdrew" his Superior Court post-conviction relief application, such application ceased to be "pending" (28 U.S.C. § 2244(d)(2)) in State Court.[2] There being no further tolling subsequent to that May 13, 2005 date, then, the remaining, slightly less than four months, one-year limitations' period expired well before Petitioner submitted his instant April 18, 2006 action. For this reason, the State would respectfully ask that the within action be dismissed as time-barred.

B. Substance of Petitioner's *Faretta* Claim

In the Defendant's March 27, 1989 brief filed before the Rhode Island Supreme Court, he argued that "the trial justice erred in his refusal to allow Mr. Taylor his constitutional right to represent himself." (March 27, 1989 *Brief-in-Chief* of Defendant in State v. Taylor (88-180 C.A.) at pp. 41-47.) The State, in its responsive *Brief-in-Chief*

[2] *See* Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999)(a post-conviction relief application is "pending", within the meaning of § 2244(d)(2), "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.")

(at pp. 32-38), argued that "the trial justice did not err in refusing to allow defendant to represent himself" (*Brief in Chief of the State* in State .v Taylor (88-180 C.A.)), and the Rhode Island Supreme Court ultimately turned away Defendant's Faretta claim by determining that Rhode Island's "Alternative methods of [child] victim testimony" statute (R.I.G.L. § 11-37-13.2) "does not violate a defendant's right of self-representation, as he or she is able to undertake selfrepresentation, albeit in a slightly modified form" (State v. Taylor, 562 A.2d at 454).

In the instant habeas action, Petitioner takes issue with the Supreme Court of Rhode Island's disposition of his Faretta claim, as, Petitioner claims, such disposition "failed to answer Petitioner's claim that he was denied the right to represent himself" (*Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* at 6). While it does appear that the Rhode Island Supreme Court analyzed Petitioner's Faretta claim differently than the way in which Petitioner argued it, the Rhode Island Supreme Court quite correctly rejected Petitioner's Faretta contention.

Petitioner at his trial made no proper request for self-representation, as the request Petitioner made was not an "unequivocal" one as required by Faretta and its progeny.[3]

[3] "Most courts look to Faretta *** and hold that no action is required by the trial court absent the defendant's unequivocal expression of a desire to proceed pro se." (3 LaFave, Israel, King, Criminal Procedure, § 11.5(a) at p. 573 (1999 edition).) And even the Defendant in this case recognized that "[t]o be entitled, as a matter of right, to represent him/herself without the assistance of counsel, the defendant must make a *timely* and *unequivocal* assertion of the right." (Defendant's March 27, 1989 *Brief-in-Chief* in State v. Taylor (88-180 C.A.) at p. 43 (emphasis in original); *id.* at 44 ("a defendant in a criminal proceeding who is competent and *sui juris*, has a constitutional right to appear and defend in person without the assistance of counsel, provided that *** s/he voices his/her desire to represent him/herself in a timely and *unequivocal* manner" (emphasis added).) Defendant's position in the State Supreme Court, of course, was that the invocation of the *Faretta* right was unequivocal.

As the transcript pages appended to the *Brief-in-Chief* filed by Petitioner in the Rhode Island Supreme Court demonstrate,[4] Defendant's requested self-representation was anything but "unequivocal". Immediately after the Superior Court ruled that the child victim would be permitted to testify in accordance with R.I.G.L. § 11-37-13.2, defendant's *counsel* made the purported self-representation request:

> Your Honor, I have just handed to your clerk a motion to withdraw from this case. That motion to withdraw is based upon Mr. Taylor's representation to me that he wishes to proceed himself, that he wishes to question the witnesses, represent himself in argument. He has indicated to me that he feels that he is intelligent enough, capable enough of representing himself, and I would suggest to the Court that he has a constitutional right, based on the case of Faretta v. The State of California to do so.

(Tr. 34-35.)

This request, made by defendant's counsel on behalf of the defendant *immediately after* the victim-confrontation issue was decided adversely to the Defendant, is hardly an *unequivocal* request for self-representation, as it is not so much a request for self-representation as it is a request to directly confront the child victim (Tr. 34 ("Mr. Taylor[] *** wishes to proceed himself, *** *wishes to question the witnesses*")(emphasis added)), a request which the trial justice had already rejected pursuant to R.I.G.L. § 11-37-13.2. And the hearing justice, Justice Darigan, indeed, determined as a factual matter "that the fact that this late motion to withdraw, which is within the discretion of the trial Justice, is a tactical and technical attempt on the part of the defense to somehow forge a confrontation between the defendant and the alleged victim" (Tr. 36). The hearing

[4] These transcript pages were included by Defendant in his transcript appendix filed with the Rhode Island Supreme Court. The Department of Attorney General does not currently have the full transcript of the trial court proceedings in this matter. The Attorney General believes that such transcripts are contained in the Rhode Island Records' Center, and could be made available if required.

justice, that is, specifically found as a factual matter that Mr. Taylor wanted, not really to represent himself in the Faretta sense but, to make an end-run around the hearing justice's just announced § 11-37-13.2 determination. And the Rhode Island Supreme Court, in passing upon Defendant's Faretta contention on appeal, appeared to suggest as a factual matter that Taylor's Faretta request was not an unequivocal one. (State v. Taylor, 562 A.2d 454 ("In a case where a defendant states at an early date and in an equivocal manner that he or she wished to proceed pro se ***").) It appears, then, that both the trial court (which viewed Taylor's request as essentially a ruse to confront the child victim) and the Rhode Island Supreme Court (which specifically suggested that Defendant's request was not unequivocal) determined as a factual matter that Petitioner's suspiciously-timed Faretta request was not unequivocal, and this factual determination has a presumption of correctness in the instant action.[5] Because, then, Petitioner's Faretta request was not unequivocal – indeed it appeared by its timing and language to be not so much a request for self-representation as a request to do what the trial court had already ruled would not be permitted – the Superior Court did not err in failing to grant Petitioner's counsel's withdrawal motion.

## III. Conclusion

For the reasons expressed above, the Respondent State of Rhode Island would respectfully ask that its motion to dismiss be granted.

[5] 28 U.S.C. § 2254(e)(1) provides that "In a proceeding instituted by an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**Certificate of Service**

I hereby certify that on the 24th day of May, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Sydney Earl Scott Taylor, at his last known address of P.O. Box 8273, Cranston, RI 02920.

**ATTACHMENTS TO STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PETITIONER'S WRIT OF HABEAS CORPUS**

1. State of Rhode Island and Providence Plantations Supreme Court Docket Event Listing in Criminal Appeal Number 88-0180 (State v. Sydney Taylor)

2. Brief in Chief of Defendant (Sydney Taylor) filed in State v. Taylor (88-180), *with* appended trial transcript selections

3. Brief in Chief of the Appellee State of Rhode Island filed in State v. Taylor (88-180)

4. Rhode Island Supreme Court's Decision in State v. Taylor (88-180), reported at 562 A.2d 445 (1989)

5. Taylor's March 1995 post-conviction relief application

6. Taylor's pre-briefing statement filed, in CA Number 01-258, with the Rhode Island Supreme Court on his appeal of the Superior Court's denial of his post-conviction relief application

7. The State of Rhode Island's pre-briefing statement in CA Number 01-258

8. Rhode Island Supreme Court's Decision in Taylor v. State (01-258), reported at 821 A.2d 685 (2003)

9. State of Rhode Island and Providence Plantations Criminal Case Action Report/Warrant for Commitment sheet dated May 13, 2005 in Taylor's 2004 (PM 04-97) post-conviction relief application

10. State of Rhode Island and Providence Plantations Superior Court Civil Docket Sheet for Case PM-2004-0097 (Sydney Taylor v. State of Rhode Island)