**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SYDNEY EARL TAYLOR / : CA# 2006- 2045
PETITIONER

V. :

R.I. DEPARTMENT OF
CORRECTIONS ET AL
RESPONDENT :

**" PETITIONERS TRAVERSE TO STATES RESPONSE"**

Petitioner, Sydney E. Taylor,files his response to the following issues cites by the state in it's response.

1. Petitioner contends that his counsel (R.I. Public Defender) Catherine Gibian filed in his direct appeal, appeal brief pages (41-46) (inclosed) that petitioner requested as Constitutional art.1 § 10 right to represent himself but that he was denied Via Trial Justice Francis Darigan. That in response to petitioners appeal,the Rhode Island supreme court either forgot or failed to respond to petitioners appeal cited issue of his denial to represent himself. The states contention is; that the supreme court did answer petitioners issue BUT;"**Appeared** to analyze the question as if it were interwined with the predominant issue raised on appeal" Petitioner contends that this here issue is not true. Petitioner points to inclosed pages 41-46 as support of the clear arguement for review. further,petitioner contends that the Rhode Island Supreme court in it's opinion, **STATE V. TAYLOR** 562 A.2d 445 At [6] does not cover the statue in the U.S. Constitution art 1 § 10 that "Every person shall enjoy the right to represent him or her self in any criminal proceeding. In a most recent case; **STATE V. KENNEDY** 586 A.2d 1089 Citing **FARETTA V. CALIFORNIA** 422 U.S. 806-807 stated" The prosecutor in the present appeal would like us to distinguish Faretta from the case at bar by differentiating Kennedy's

capabilities with those of the defendant in faretta. Although we agree that faretta was far more educated,adept, and prepared to plead his own case,this competence is not a issue" Further this court stated:" Personal liberties are not rooted in the law of averages. The right to defend is personal." In **STATE V. GATONE** 689 A.2d 230 the courts in this same issue stated" [19] While in the MIDDLE of trial defendant moved to Co-Counsel and the justice denied this request stating that also defendant would not be allowed to fire counsel and represent himself. The court of appeal;s stated that this was error that the United States Constitution forbids a state court to force a defendant to proceed with counsel against defendants will. In the instant case, Taylor was not at trial and had filed his own motions with the court prior to the hearing in which he was denied the right to represent himself.

2. the state next contends that the petitioner is out of time since the one year allowed by the federal court had elapsed. Petitioner contends that the Rhode Island State Supreme court has yet to file a opinion in the matter of this petitioners appeal issue to represent himself. For that reason this petitioner is not out of time.

for these reasons I submit this petition of traverse.

Dated: May 26-06

Respectfully Submitted,

Sydney Earl Taylor Pro-Se
P.O. Box # 8273
Cranston. R.I. 02920

**CERTIFICATION**

I do hereby state that I have sent a true copy to the office of the Attorney General on this 26 day of May 2006