UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SYDNEY EARL TAYLOR | : | |
| | : | |
| v. | : | C.A. No. 06-204S |
| | : | |
| RHODE ISLAND DEPARTMENT OF CORRECTIONS | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before this Court is Sydney Earl Taylor's ("Petitioner" or "Taylor") Petition for Writ of Habeas Corpus (the "Petition") brought under 28 U.S.C. § 2254. (Document No. 1). Petitioner attacks judgments of conviction for burglary, kidnapping, first-degree child molestation sexual assault, and obstructing a police officer, affirmed by decision of the Rhode Island Supreme Court (the "RISC") on July 17, 1989. See State v. Taylor, 562 A.2d 445 (R.I. 1989). Petitioner filed his Petition *pro se* on May 2, 2006. Respondent, Rhode Island Department of Corrections (the "State") filed a timely response to the Petition (Document No. 3) on May 24, 2006 in the form of a Motion to Dismiss.

The State's Motion to Dismiss has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). The Court has determined that no hearing is necessary. After reviewing the Petition and the Motion to Dismiss, in addition to performing independent research, this Court recommends that the State's Motion to Dismiss (Document No. 3) be GRANTED and that the Petition (Document No. 1) be DISMISSED WITH PREJUDICE as lacking legal merit.

## Facts and Travel

Petitioner stands convicted by a Rhode Island Superior Court jury of four serious felonies and is currently serving a substantial term of incarceration. The jury returned its verdict on February 20, 1987, and Petitioner was sentenced on April 21, 1987. A full outline of the facts and procedural history is set forth in the RISC's decisions on Petitioner's direct appeal and his application for post-conviction relief. See State v. Taylor, 562 A.2d 445 (R.I. 1989) and Taylor v. Wall, 821 A.2d 685 (R.I. 2003). In a nutshell, Petitioner's convictions arise out of an incident occurring in the early morning hours of July 19, 1985. A seven-year old girl (the "victim") was taken in her sleep by an intruder from the bedroom of her home, a second-floor apartment in Providence. The victim was sexually assaulted by the intruder and released a short time later. Petitioner was spotted in the area by Providence Police, and he fled on foot. He was found hiding under debris in a vacant lot and was arrested after a violent struggle with police. Petitioner was driven to the victim's home in a police cruiser where she identified him as the intruder.

Petitioner appealed his convictions to the RISC on April 27, 1987. In denying his appeal, the RISC held that (1) admitting videotaped testimony of the child victim of the alleged sexual assault did not violate the confrontation clause, due process clause or equal protection clause; (2) the victim's out-of-court identification of Petitioner was not unnecessarily suggestive; and (3) the victim was "confined" for purposes of the kidnapping statute, R.I. Gen. Laws § 11-26-1. See State v. Taylor, 562 A.2d 445 (R.I. 1989).

Subsequent to the RISC's denial of Petitioner's direct appeal of conviction, Petitioner filed an application for post-conviction relief in the Rhode Island Superior Court relying primarily on Maryland v. Craig, 497 U.S. 836 (1990). Petitioner's post-conviction relief case was concluded on

April 30, 2003, when the RISC affirmed the Superior Court's dismissal of Petitioner's post-conviction relief application. Taylor v. Wall, 821 A.2d 685 (R.I. 2003).

**Discussion**

In the current action, Petitioner asserts that the trial justice erred in refusing to allow Petitioner his constitutional right to represent himself. In support of its Motion to Dismiss, the State first contends the Petition is time-barred. The State also argues that the factual findings of the RISC must be presumed correct and that the Petition lacks legal merit. See Response at 5-7.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254, restricts the power of federal courts to grant habeas relief to prisoners. This Court is guided in the consideration of Petitioner's claims by 28 U.S.C. § 2254(d)(1), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States....

Id. (emphasis added).

This Court looks to McCambridge v. Hall, 303 F.3d 24 (1st Cir. 2002), for its guidance on applying the "unreasonable application" portion of § 2254(d)(1). McCambridge states that "'some increment of incorrectness beyond error is required'...[in an amount] great enough to make the [state court's] decision unreasonable in the independent and objective judgment of the federal court..." Id. at 36 (quoting Francis S. v. Stone, 221 F.3d 100, 111 (2nd Cir. 2000)). For example, a federal court may find a decision of a state court to be "unreasonable" if that decision is "devoid of record support

for its conclusions or is arbitrary." Id. at 37 (citing O'Brien v. Dubois, 145 F.3d 16, 25 (1st Cir. 1998)). In Williams v. Taylor, 529 U.S. 362, 411 (2000), the Supreme Court noted that an "incorrect" application of federal law is not necessarily tantamount to an "unreasonable" one: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

Another category of state court errors that may be remedied on federal habeas review involves unreasonable determinations of fact. See 28 U.S.C. § 2254(d)(2). Under this standard, the state court's factual findings are entitled to a presumption of correctness that can be rebutted only by clear and convincing evidence to the contrary. Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001) (describing burden on habeas petitioner as a "high hurdle"). In this case, Petitioner has failed to demonstrate by clear and convincing evidence that the factual findings of the state courts were arbitrary or unreasonable, therefore, this Court must presume the factual findings of the RISC and Rhode Island Superior Court to be correct. Accordingly, there are no unresolved issues of material fact present, and the Court may resolve Petitioner's habeas challenge as a matter of law.

For the following reasons, this Court concludes that Petitioner's habeas claim is time-barred and lacking in substantive merit.

**A. Petitioner's Claim is Time-barred**

The Antiterrorism and Effective Death Penalty Act provides for a one-year statute of limitation for petitions filed under 28 U.S.C. § 2254. In Petitioner's case, the statute of limitation runs from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(l)(A). The one-

year limitation period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). See Neverson v. Bissonnette, 261 F.3d 120, 125 (1st Cir. 2001).

In analyzing the statute of limitation claim, it is necessary to determine the date on which the statute of limitation began to run with respect to Petitioner's habeas claim, the date on which the limitation period expired and whether there was any tolling of the limitation period in the interim.

Petitioner's judgment of conviction became final under Rhode Island law on or about November 1, 1989, ninety days after the RISC affirmed Petitioner's conviction in State v. Taylor, 562 A.2d 445.[1] Because Petitioner's conviction became final prior to the enactment of AEDPA, the one-year limitation period began to run on April 24, 1996, the date of AEDPA's enactment. See Neverson v. Farquharson, 366 F.3d 32, 37 (1st Cir. 2004).

Petitioner filed his post-conviction relief application as early as March 1995, amending the application in 1999. Pursuant to 28 U.S.C. § 2244(d)(2),[2] the limitation period applicable to Petitioner was tolled until April 30, 2003, the date on which the RISC denied and dismissed Petitioner's appeal of the Superior Court's denial of Petitioner's post-conviction relief application. See Taylor v. Wall, 821 A.2d 685. At that time, Petitioner had one year from April 30, 2003 in which to file any 28 U.S.C. § 2254 action in federal court. A little more than eight months later, on January 7, 2004, Petitioner tolled the statute of limitation by filing another post-conviction relief

[1] The conviction is considered final upon the conclusion of review with the United States Supreme Court, or the expiration of the ninety-day period for seeking certiorari pursuant to Sup. Ct. Rule 13. Thus, Petitioner's limitation period would have expired one year and ninety days from the decision of the RISC.

[2] The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

action in the Rhode Island Superior Court. Though Petitioner contends that the January 2004 action is currently pending, thereby indefinitely tolling the statute of limitation, the State presents evidence to the contrary. On May 13, 2005, the record shows Petitioner withdrew the January 2004 post-conviction application. See Exhibit 9 to State's Motion to Dismiss. A post-conviction relief application is "pending", within the meaning of § 2244(d)(2), during the period when a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application. See Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). When Petitioner withdrew his 2004 Superior Court post-conviction relief application, such application ceased to be "pending" in state court and the one-year limitation period resumed. Thus, the one-year limitation period expired before Petitioner filed this April 18, 2006 action under 28 U.S.C. § 2254. Accordingly, this Court concludes Petitioner's claim is time-barred under 28 U.S.C. § 2244.

**B. Petitioner's Faretta Claim Lacks Legal Merit**

Out of an abundance of caution, this Court will also review the Petition on the merits, despite the conclusion that the Petition is time-barred. As his first and only ground for relief, Petitioner asserts that the trial justice erred in his refusal to allow Petitioner his constitutional right to represent himself. After a review of the argument presented, this Court finds that the trial justice properly exercised his discretion when he denied Petitioner's request for self-representation.

In Faretta v. California, 422 U.S. 806 (1975), the United States Supreme Court held that a defendant in a state criminal proceeding has the right represent him/herself without the assistance of counsel provided that the defendant's request for self-representation is unequivocal. Id. at 835. However, the Court also held that the right of self-representation is a qualified right, and its exercise

is subject to reasonable restrictions. Id. at 835. In State v. Kennedy, 586 A.2d 1089 (R.I. 1991), the RISC further defined the discretion of the court, holding that:

> Although a criminal defendant has the right to an opportunity to obtain his or her own counsel pursuant to the Sixth Amendment to the United States Constitution and article I, section 10 of the Rhode Island Constitution, this right is not an unqualified one. The right of a criminal defendant to have counsel of his or her choice must be balanced against the public's right to "the efficient and effective administration of criminal justice." State v. Dias, 118 R.I. 499, 503, 374 A.2d 1028, 1030 (1977) (quoting United States ex rel. Carey v. Rundle, 409 F.2d 1210, 1214 (3rd Cir. 1969). The question, therefore, regarding a defendant's request for a continuance to secure alternate counsel is a matter properly left to the sound discretion of the trial justice. State v. Ashness, 461 A.2d 659, 663 (R.I. 1983); State v. Levitt, 118 R.I. 32, 41, 371 A.2d 596, 601 (1977).

Id. at 1091.

The denial of Petitioner's request at trial to represent himself was proper because his intentions and motivations were unclear and therefore not unequivocal. Upon denying the self-representation request, the State notes that the trial justice stated that the "late motion to withdraw" was a "tactical and technical attempt on the part of the defense to somehow forge a confrontation between the defendant and the alleged victim." See State's Mem. in Supp. at p. 7 (citing Trial Transcript p. 36).

Petitioner never voiced any dissatisfaction with his counsel and only pressed his self-representation request after the trial justice ruled that he could not confront the victim. Petitioner asks this Court to follow the holding in State v. Gatone, 698 A.2d 230 (R.I. 1997). However, Gatone is distinguishable. In Gatone, the RISC overturned the trial justice's decision to deny the defendant's request to act as co-counsel. The defendant stated, "...[my attorney] probably is a good lawyer, but the way he has been setting himself, I could do a better job. That's why I want to co-counsel. I could

do a better job than him." Id. at 240. In the case at hand, Petitioner does not, and could not credibly, assert that his request to represent himself was related to the performance of his lawyer. Petitioner has never asserted ineffective assistance of counsel. Instead, immediately after the Superior Court ruled that the child victim would be permitted testify in accordance with R.I. Gen. Laws § 11-37-13.2, the State notes that Petitioner's counsel stated the "...motion to withdraw is based upon Mr. Taylor's representation to me that he wishes to proceed himself, that he wishes to question the witnesses..." See State's Mem. in Supp. at p. 7 (citing Trial Transcript pp. 34-35).

As stated earlier, the AEDPA provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This Court concludes that Petitioner did not present clear and convincing evidence to rebut the trial justice's findings as to his motives in seeking to represent himself. Petitioner presents no rationale to this Court to justify his request for self-representation other than his desire to confront the victim. Based on the timing and language of the request, the Court presumes that Petitioner was attempting to do what the trial justice had already ruled would not be permitted. Petitioner had no genuine interest in representing himself, rather his self-representation request was an eleventh-hour attempt to confront the victim at trial and the trial justice so found. See Document No. 4, Attachment 1 (quoting Trial Transcript pp. 36-37).

Moreover, the RISC rejected Petitioner's Faretta claim and found no error in the trial justice's denial of the self-representation request as "untimely." State v. Taylor, 562 A.2d at 454. The RISC noted that Petitioner's request came eighteen months after his arrest, following pretrial hearings and

only one week prior to trial. Id. Both the RISC and the trial justice indicated that it did not believe Petitioner could undertake the defense of his capital case at the last minute in a "competent manner." Id. Finally, the RISC stated that even if Petitioner had properly and timely requested to represent himself, standby counsel would have been appointed to directly cross-examine the victim to balance Petitioner's right of self-representation and the requirements of R.I. Gen. Laws § 11-37-13.2. Id.

Ultimately, as stated in State v. Kennedy, 586 A.2d 1089, the decision to allow a defendant self-representation is one of discretion. Petitioner's right to self-representation must be balanced against the public's right to "the efficient and effective administration of criminal justice." Id. at 1091. To allow Petitioner to make an end-run around the trial justice's § 11-37-13.2 determination would subvert the efficient and effective administration of criminal justice. This Court concludes that the trial justice properly exercised his discretion when he denied Petitioner's request for self-representation. Petitioner's Sixth Amendment rights were adequately safeguarded. He had competent defense counsel who was able to observe and cross-examine the victim in a pretrial hearing. There is no claim by Petitioner that he was not able to consult with his counsel in preparation for and during cross-examination. In fact, although he was not physically present, Petitioner viewed and heard the victim's testimony in "real time" on a color monitor and was able to communicate electronically with his counsel during the victim's entire testimony. Taylor v. Wall, 821 A.2d at 687. Finally, as noted above, the circumstances make plain that Petitioner's eleventh-hour request was not about self-representation but was an effort to directly confront the victim and subvert the intent of R.I. Gen. Laws § 11-37-13.2. The RISC's determination in this case was not an "unreasonable application" of either Faretta v. California or Maryland v. Craig and thus there is no valid basis for Petitioner's federal habeas claim.

## Conclusion

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 3) be GRANTED and Taylor's Petition for Writ of Habeas Corpus (Document No. 1) be DISMISSED WITH PREJUDICE and that the District Court enter final judgment in favor of the State. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
August 3, 2006