**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES** | : | **DISTRICT COURT** |
| | : | |
| **SYDNEY EARL TAYLOR** | | |
| **VS.** | : | **C.A. No. 06-204S** |
| **RHODE ISLAND DEPARTMENT OF CORRECTIONS** | | |
| | : | |

**PETITIONERS OBJECTION**
**MAGISTRATES REPORT AND RECOMMENDATION**

Now comes Sydney Earl Taylor (Petitioner) and submits his objection to the Magistrates "Report and Recommendation."

Petitioner contends that the Magistrates contention that his issue relating to the **FARETTA CLAIM ( FARETTA VS, CALIFORNIA 422 U.S. 806) (1975)** is without merit petitioner contends that this is not true. **petitioner contends** that Prior to the start of any Pre-Trial proceedings he moved to have the attorney of record removed as counsel and that counsel himself moved to withdraw. Further, Justice Francis Darigan was in error to ASSUME that the sole reason that Petitioner requested to proceed forward was to have a end run around a ruling that he made earlier regarding the cross examination of the states witness. Clearly, from the time that the request was made to allow petitioner to represent himself and the start of trial was more than enough time for the courts to allow this petitioner to gather his trial strategy. Petitioner supports this arguement with the fact that in, **STATE VS. KENNEDY 586 A.2d 1089 (1991)** Kennedy was in the middle of his trial when he requested that he be allowed to represent himself. IN **STATE VS. GATONE 698 A.2d 230 (1997)** Gatone was at the start of trial and had requested that he be allowed the right to represent himself. Petitioner was a week away from the start of trial .... plenty of time to inquire into the vilidity of the petitioners request to represent himself.

petitioner further contends that the defendants right to represent himself is a absolute right guarantied by the U.S. constitution and is not to be by any courts discrection. The united states supreme court has long ago stated that a defendnant in a criminal proceedings has not only a guarantied right to confront his or her accusers but he or she may well have a vested interest in confronting his accuser. petitioner contends that Judge Darigan denied his most fundimental right embodied in the U.S. constitution, that being the right to represent his case and confront his accusers.

Next the Magistrate contends that the petitioner is out of time thus he is time barred. This Magistrate contends that via (AEDPA) Anti-terrism and effective death penalty act provides for a one year statue for petitioners under 22 § 2254 petitioner contends that this Magistrate is clearly wrong. petitioner contends that the district courts as has circuit courts treaded any claim relating to a violation of a citizens constitution right under a federal habeas corpus. as a appeal warranted in the interest of justice. That the AEDPA act was not intended to bar the citizens of the united states from righting a violation of his or her constitutional rights, especially the most important issue embodied in the U.S. constitution. The right to represent himself against his accusers. Further, shortly after Judge Darigan allowed the state tp represent testimony via video monitoring the court of appeals found that this form of testimony violated a defendants right to confront and cross examine his or her accusers, thus Justice Darigan violated petitioners guarantied right of confrontation and representation and as it now stands,did so using a ruling later deemed unstitutional. For these reasons petitioner objects to the Magistrates report & recommendation and prays this court shall grant his appeal.

# "CERTIFICATION "

I Sydney Earl Taylor hereby state that I have sent a true copy to the office of the Attorney General, at 150 South Main St. Providence Rhode Island 02903 On this the ________day of___________ 2006

Sydney Earl Taylor
P.O. Box # 8273
Cranston R.I. 02920