Westlaw.

487 F.3d 1101

487 F.3d 1101
**(Cite as: 487 F.3d 1101)**

C
U.S. v. Crawford
C.A.8 (Minn.),2007.

United States Court of Appeals,Eighth Circuit.
UNITED STATES of America, Appellee,
v.
Tommie Perris CRAWFORD, also known as "Baby Crip," Appellant.
**Nos. 06-3464 to 06-3466.**

Submitted: April 10, 2007.
Filed: June 6, 2007.

**Background:** Defendant was convicted in the United States District Court for the District of Minnesota, John R. Tunheim, J., of possession with intent to distribute 500 grams or more of cocaine, possession of a firearm in furtherance of drug trafficking, and being a felon in possession of a firearm, and was sentenced to 180 months' imprisonment, and he appealed.

**Holdings:** The Court of Appeals, Melloy, Circuit Judge, held that:

(1) district court did not abuse its discretion in not ordering an evaluation to determine whether defendant was competent to waive his right to counsel;

(2) defendant did not effectively waive his right to counsel for sentencing purposes; and

(3) error in permitting defendant to proceed pro se at sentencing without a valid waiver of his right to counsel was harmless beyond a reasonable doubt.

Affirmed.
West Headnotes
**[1] Criminal Law 110 ⚿641.4(2)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.4 Waiver of Right to Counsel
110k641.4(2) k. Capacity and Requisites in General. Most Cited Cases

District court did not abuse its discretion in not ordering an evaluation to determine whether defendant was competent to waive his right to counsel before granting defendant's motion to proceed pro se for sentencing purposes after he was convicted of possession with intent to distribute cocaine, possession of a firearm in furtherance of drug trafficking, and being a felon in possession of a firearm; defendant's trial counsel did not request a competency evaluation prior to the court's consideration of defendant's motion, district court observed defendant directly while presiding over his trial, and district court specifically concluded defendant was competent, noting that defendant's multiple filings indicated he was literate, competent, and understanding. U.S.C.A. Const.Amend. 6; 18 U.S.C.A. § 4241(a, b).

**[2] Criminal Law 110 ⚿641.4(2)**

110 Criminal Law
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.4 Waiver of Right to Counsel
110k641.4(2) k. Capacity and Requisites in General. Most Cited Cases

Before allowing a defendant to waive his right to counsel, a court must be satisfied that the defendant is competent to do so. U.S.C.A. Const.Amend. 6.

**[3] Criminal Law 110 ⚿641.4(2)**

110 Criminal Law
110XX Trial

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Cf. id.* at 1150 (noting that "deference is owed to the district court's determinations based on observation of the defendant during the proceedings "). The district court specifically concluded Crawford was competent, noting that Crawford's multiple filings in the district court indicated he was "literate, competent, and understanding." The district court did not abuse its discretion by not ordering a competency evaluation.

B. Sixth Amendment Waiver

Since the Supreme Court's decision in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), "[i]t is ... settled law that a criminal defendant has the right to waive his right to counsel at trial and to represent himself as long as the waiver is both voluntary, and intelligently and knowingly made." *Meyer v. Sargent,* 854 F.2d 1110, 1114 (8th Cir.1988). This right extends to self-representation at sentencing, as well. *See Day,* 998 F.2d at 626-27 (considering whether a defendant executed a valid waiver of his right to counsel before proceeding pro se at sentencing). This Court reviews de novo a district court's decision to allow a defendant to proceed pro se. *United States v. Mahasin,* 442 F.3d 687, 691 (8th Cir.2006).

[4][5] In reviewing a waiver of a defendant's right to counsel, this Court will uphold a waiver and conclude it is knowing ***1106** and intelligent if either (1) the district court adequately warns the defendant about the dangers and disadvantages of proceeding pro se or (2) the record as a whole demonstrates "that the defendant knew and understood the disadvantages of self-representation. " *United States v. Stewart,* 20 F.3d 911, 917 (8th Cir.1994). An on-the-record colloquy exploring the dangers of self-representation is recognized as the preferred method of substantiating a waiver's validity. *See Meyer,* 854 F.2d at 1114-15 (indicating the court favors "a specific warning on the record of the dangers and disadvantages of self-representation" when a defendant seeks to proceed pro se). Here, the district court did not engage in a colloquy with Crawford. The validity of Crawford's waiver must therefore be determined by "review[ing] the entire record to determine if the defendant had the required knowledge from other sources." *United States v. Yagow,* 953 F.2d 427, 431 (8th Cir.1992).

In considering the record, we begin with the district court's order granting Crawford's motion to proceed pro se. The district court references Crawford's many filings in concluding Crawford was " voluntarily exercising his informed free will" in deciding to proceed pro se. However, the court does not explain how the filings show Crawford to be "informed" as to the dangers of self-representation. In its order, the district court conflates Crawford's determination to proceed pro se, with his understanding of the challenges of doing so. One cannot infer from the substance of the filings that Crawford had the knowledge required to effectively waive his right to counsel. The district court did not indicate any other grounds supporting its conclusion that Crawford's waiver was knowing and intelligent.

The government does not provide any additional insight into facts and circumstances demonstrating Crawford possessed the requisite knowledge of the dangers of pro se representation. The government argues only that the district court "had confidence that Crawford was aware of the pitfalls of his self-representation and that he had the required knowledge to represent himself" based upon the district court's observations of Crawford at trial and upon the court's consideration of Crawford's filings. The government does not highlight anything about "the particular facts and circumstances of the case, including the defendant's background, experience, and conduct" or "the defendant's education, his knowledge of or previous contact with the criminal justice system, his conduct at trial, and his motive for seeking to waive counsel" that demonstrates Crawford understood the challenges of proceeding pro se. *Yagow,* 953 F.2d at 431.

After a thorough review of the record, we cannot conclude Crawford possessed the requisite understanding of the challenges of proceeding without counsel to have knowingly and intelligently waived his right to an attorney. While we recognize "the Supreme Court [has] adopted a '

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

pragmatic approach' to the issue of Sixth Amendment waiver of counsel," *Day*, 998 F.2d at 626 (quoting *Patterson v. Illinois*, 487 U.S. 285, 298, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988)), the record in this case simply does not provide sufficient indication that Crawford understood "the possible consequences of a decision to forgo the aid of counsel[.]" *Patterson*, 487 U.S. at 292-93, 108 S.Ct. 2389. Unlike other instances where we have upheld a court's decision to permit a defendant to proceed pro se without the preferred colloquy, there are no "unique circumstances" justifying a determination that Crawford knowingly and intelligently waived his right to counsel. *Yagow*, 953 F.2d at 432. For example, Crawford did not display "a sophisticated understanding of the [sentencing]***1107** hearing's purposes and procedure," *Day*, 998 F.2d at 627, nor does it appear his request for self-representation was an attempt to manipulate the court. *Cf. Meyer*, 854 F.2d at 1115 ("One other major factor leading us to the conclusion that there was no violation of the right to counsel is the fact that the record indicates that [the defendant's] actions in moving for replacement counsel midway through the trial were largely obstructionist."). Based upon the record before us, we cannot conclude Crawford's waiver of counsel at sentencing was valid.

Our conclusion that Crawford did not effectively waive his right to counsel at sentencing presents a question this court has not specifically decided: whether such a violation is subject to harmless error analysis. Dicta in *Day* can be interpreted as implicitly endorsing harmless error analysis. The defendant in *Day* proceeded pro se at sentencing after objecting to three different attorneys appointed to represent him. *Day*, 998 F.2d at 626. In finding that the defendant voluntarily, knowingly, and intelligently waived his right to counsel, the Court concluded its analysis by noting that "there is nothing in the record to suggest that further delay and a fourth appointed counsel would have produced a different sentence." *Id.* at 627. This suggests that lack of prejudice suffered by a defendant could be relevant.

Other circuits have explicitly rejected harmless error analysis for Sixth Amendment violations at sentencing. *See, e.g.*, *United States v. Virgil*, 444 F.3d 447, 455-56 (5th Cir.2006) (holding that *Faretta* violations, whether at trial or sentencing, are per se harmful and therefore not subject to harmless error analysis and noting that "every other circuit to consider the issue" does not apply harmless error analysis to *Faretta* violations); *United States v. Salemo*, 61 F.3d 214, 221-22 (3rd Cir.1995) (declining to apply harmless error analysis when a defendant's Sixth Amendment right to counsel was violated at sentencing). In *Virgil*, the Fifth Circuit reasoned that the Supreme Court's decisions finding harmless error inapplicable to the denial of counsel at trial, *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), and on appeal, *Penson v. Ohio*, 488 U.S. 75, 88, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), equally support the conclusion that the lack of counsel at sentencing cannot be harmless error. *Virgil*, 444 F.3d at 456. *Salemo* describes the right to counsel at sentencing as "among those constitutional rights which are so basic to a fair trial that their infraction can never be treated as harmless error." *Salemo*, 61 F.3d at 222 (quotation and alternation omitted). *See also United States v. Balough*, 820 F.2d 1485, 1490 (9th Cir.1987) (finding harmless error analysis inappropriate where a defendant was denied his right to counsel at a hearing on a motion to withdraw his guilty plea and at sentencing).

Others have advocated a more nuanced approach. Then-Judge Alito expressed disagreement with a broad prohibition against applying harmless error analysis in the context presented here. *Salemo*, 61 F.3d at 222-23 (Alito, J., concurring). Using the exact factual scenario in the instant case as his hypothetical-a defendant who did not validly waive counsel at sentencing but was sentenced to the statutory mandatory minimum-Judge Alito highlighted the potential problems of such an approach. *Id.* at 223 n. 1. In such a case, vacating and remanding would result in the imposition of the same sentence with counsel present-a futile exercise in form over substance.

The approach taken by the Eleventh Circuit in a slightly different context is instructive. *Golden v. Newsome*, 755 F.2d 1478 (11th Cir.1985),

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.