UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND. 1st.CIR.

SYDNEY TAYLOR 1:06-cv-00204-LDA

V. **CERTIFICATE OF APPEALABILTY**

A.T. WALL

Now Comes. The petitioner in the above matter satisfying a showing that (APPEALABILITY), is warrented.

The right to self-representation is the entire crux, gist, and premise of this case.

See; June 25th. 1948, c. 646, 62 Stat. 967 and c. 655 § 52, 65 Stat. 727; § 113, 63 Stat. 105; Pub. L. 104-132. Title I , § 102, 110 Stat. 1217.

Respectfully:
8-14-07

Sydney Taylor
Box 8273
Cranston, R.I. 02920

(6) A claim presented in a second or successive habeas corpus application under 28 U.S.C. § 2254 that was presented in a prior application shall be dismissed.

(7) In accordance with the "Anti-Terrorism and Effective Death Penalty Act of 1996," as codified at 28 U.S.C. § 2244(b), effective April 24, 1996, before leave to file a second or successive petition can be granted by the United States Court of Appeals, <u>it is the applicant's burden</u> to make a <u>prima</u> <u>facie</u> showing that he satisfies either of the two conditions stated below and in 28 U.S.C. § 2244(b).

> [A] claim presented in a second or successive habeas corpus application under [28 U.S.C.] section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(8) When this application is fully completed, the original and four copies, *with proof of service on all parties through counsel*, must be mailed to:

**Clerk of Court**
**United States Court of Appeals for the First Circuit**
**United States Courthouse**
**1 Courthouse Way, Suite #2500**
**Boston, Massachusetts 02210**